Kavon Adli (Bar No. 203040)
kavon@tilg.us
Richard A. De Liberty (Bar No. 203754)
richard@tilg.us
David Newman (Bar No. 246351)
david@tilg.us
THE INTERNET LAW GROUP
9107 Wilshire Boulevard, Suite 450
Beverly Hills, CA 90210
tel. (310) 910-1496

Attorneys for Plaintiff
LAVCO SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVCO SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIZTRACKER SYSTEMS OF ST. JOHN, LLC, and DOES 1–10, <br><br> Defendants. | Case No. 2:20-cv-03286 VAP (PLAx) <br><br> **FIRST AMENDED COMPLAINT FOR:** <br> **1. TRADEMARK INFRINGEMENT** <br> **2. FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING** <br> **3. COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** <br> **4. UNFAIR BUSINESS PRACTICES** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Lavco Solutions, Inc. ("Lavco") alleges:

## SUMMARY OF THE ACTION

1. This action arises out of a years' long infringement by defendant Biztracker Systems of St. John, LLC ("Biztracker") of Lavco's federally registered EPSILONT trademark. Biztracker misled and deceived consumers about the origin and quality of its products by using EPSILONT for its products without permission from Lavco, including products sold on Amazon.com. As a result of Biztracker's illegal and tortious conduct, Lavco has suffered extensive economic damages and continues to deal with the economic repercussions of this infringing activity.

– 1 –

## THE PARTIES

2. Lavco is a California corporation with its principal place of business in Glendale, California. Lavco provides point-of-sale (POS) and other business technology services. Lavco sells point-of-sale and other networking and security hardware under the brand name EPSILONT.

3. Biztracker is a Florida limited liability company with its principal place of business in Seminole, Florida. Biztracker sells point-of-sale software and solutions. Biztracker sells POS and other hardware doing business as SpartanPOS.

4. The true names and capacities of Does 1–10 are unknown to Lavco.

5. On information and belief, each defendant acted within the scope of its authority as an agent of each other defendant in each act alleged in this Complaint.

## JURISDICTION

6. This Court has jurisdiction of this action under 15 U.S.C. § 1121 because it arises under federal trademark law, 15 U.S.C. § 1114.

7. This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

8. Lavco owns U.S. Trademark registration no. 5,185,607 for the word mark EPSILONT.

9. The registration for EPSILONT mistakenly refers to Lavco Solutions as a California limited liability company. There is no California limited liability company named Lavco Solutions. The registration refers to plaintiff Lavco Solutions, Inc., which is a California corporation, but merely misidentifies its form. Lavco Solutions, Inc., filed the application for EPSILONT and owns the registration. Lavco is preparing papers to file with the Trademark Office to correct the registration so that it correctly refers to Lavco Solutions as a California corporation.

10. EPSILONT is a fanciful mark and thus inherently distinctive. EPSILONT is not a real word in any language of which Lavco is aware. EPSILONT is not descriptive or even suggestive of the goods that Lavco markets using the brand.

11. Lavco promotes and sells its EPSILONT-branded products on its websites, epsilont.com and posfellows.com, on Amazon.com, and through other online retailers.

12. Lavco sells EPSILONT-branded cash drawers, often bundled with compatible receipt printers, POS stands for smart tablets, and other related POS equipment. For example, one bundle sold by Lavco includes a Square POS stand, a Star Micronics receipt printer, an EPSILONT-branded cash drawer, and the needed cables. This saves its customers time and money by not having to purchase items separately and eliminating any uncertainty about compatibility.

13. Lavco backs its EPSILONT-branded products and bundles with free customer support and its own one-year warranty. Lavco also processes claims under any other manufacturers' warranties beyond one year.

14. Since at least 2016, Lavco has used EPSILONT in connection with marketing, advertising, packaging, and selling its authorized products to consumers, including its bundled POS products. Consumers rely on the EPSILONT brand as an indication of quality and reliability.

15. Lavco generates a significant portion of its sales and revenues through Amazon. Lavco uses Amazon's Fulfillment-by-Amazon program, under which Amazon holds a seller's inventory and fulfills orders on the seller's behalf as they come in. Lavco's products have become highly rated on Amazon and the company consistently receives excellent reviews for its products and customer service.

16. Among other products, Lavco sells twelve EPSILONT-branded POS bundles on Amazon.

17. Amazon customers can search for and locate EPSILONT-branded POS products in a variety of ways. The simplest way is to enter "Epsilont" into the search box. The search results then list all EPSILONT-branded products, including those that are not

POS products. In addition, customers can search more generally by using descriptive terms for a desired product, such as "point of sale system," and EPSILONT-branded POS products will be included in the search results. Lavco expends significant resources to ensure that its EPSILONT-branded POS products are listed high in the search results because customers frequently only focus on the first few search results when making a purchasing decision.

18. When Amazon customers select a specific product for purchase, Amazon directs the customers to a dedicated listing for that product. The product listing generally contains pictures and a description of the product. If more than one seller offers the listed product, Amazon features the lowest-priced seller, allowing the customer to purchase from that seller by clicking prominent buttons labeled "Add to Cart" or "Buy Now" in what is known as the "Buy Box."

19. To be presented with offers from other sellers, the customer usually must click a less prominent link that might read "available from other sellers" or "new & used from $100," for example.

20. Almost as soon as Lavco began selling its POS products on Amazon in 2016, Biztracker began improperly "piggybacking" on EPSILONT listings. For example, when Lavco listed an EPSILONT-branded cash drawer or EPSILONT-branded printer paper as part of an EPSILONT bundle, Biztracker would add itself to the listing as offering the same products. But a customer who purchased from Biztracker through the listing would receive a counterfeit bundle with a generic cash drawer or with receipt paper that was generic or differently branded, rather than the EPSILONT bundle with the EPSILONT-branded cash drawer or receipt paper offered by Lavco. Biztracker often offered its counterfeit bundles for a lower price than the genuine EPSILONT bundles, causing Biztracker's offering to appear in the favored "Buy Box." In this way, Biztracker was able to deceive customers into thinking that they were simply buying cheaper EPSILONT products when in fact they were not buying EPSILONT products at all.

21. Lavco confirmed Biztracker's infringing behavior after it made ten test purchases from Biztracker through listings for EPSILONT bundles. Rather than the EPSILONT bundle with the EPSILONT-branded cash drawer that the listing offered, Biztracker fulfilled the order with a counterfeit bundle with a generic cash drawer. After several of such test-purchases, Biztracker began cancelling orders placed by Lavco, falsely representing that the address was "undeliverable" even though it was a valid shipping address. Biztracker was aware that its counterfeit sales infringed Lavco's EPSILONT trademark, and yet willfully continued the practice.

22. Biztracker's action led to significant customer confusion, which in turn hurt Lavco's reputation and rating on Amazon and lead to negative ratings and comments for Lavco's listings. Since Biztracker sold its counterfeit bundles through listings for EPSILONT bundles, many customers sought technical support from Lavco, only to learn that they had not purchased a genuine EPSILONT bundle. Even though these sales generated no revenue for it, Lavco expended resources helping these customers when it was able to do so. Since quality and timely customer service is a critical aspect of Lavco's business, complaints from Amazon customers about EPSILONT products—even though they did not actually receive EPSILONT products—diminished Lavco's reputation and goodwill.

23. Lavco has never authorized or consented to Biztracker's use of the EPSILONT trademark, or any confusingly similar marks, on its POS products. Moreover, Lavco has never authorized Biztracker to copy, manufacture, import, market, sell, or distribute any goods bearing or resembling the trademark.

24. Upon learning of Biztracker's infringing conduct, Lavco notified Biztracker and requested that it cease its violation of Lavco's intellectual property rights. Biztracker refused to comply. As a result, Lavco reported the issue to Amazon, with mixed success.

25. Biztracker engaged in this unlawful conduct from 2016 to at least October 2019.

26. Lavco lost an unknown number of sales based on Biztracker's illegal conduct. Further, Biztracker was forced to reduce its prices to mitigate its losses, resulting in over $500,000 in lost profits.

## FIRST CLAIM

### Trademark Infringement

27. Lavco incorporates by reference the general allegations set forth above.

28. EPSILONT is a valid, protectable trademark.

29. Lavco owns EPSILONT as a trademark.

30. Biztracker used EPSILONT without the consent of Lavco in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, and approval of the goods.

31. Biztracker's infringement has injured Lavco and unjustly enriched Biztracker.

32. On information and belief, Biztracker acted with full knowledge of Lavco's rights in EPSILONT and with the intent to cause confusion and trade on Lavco's goodwill.

33. Biztracker's infringement will continue to cause confusion and irreparable harm unless enjoined.

## SECOND CLAIM

### False Designation of Origin and False Advertising

34. Lavco incorporates by reference the general allegations set forth above.

35. By listing itself as a seller of EPSILONT products, Biztracker made false designations of origin and false and misleading statements of fact that are likely to cause confusion and deceive as to Biztracker's affiliation with Lavco and as to the origin of Biztracker's goods and services.

36. By listing itself as a seller of EPSILONT products, Biztracker made false designations of origin and false and misleading statements of fact in commercial

advertisements and promotions about the nature, characteristics, and qualities of its goods and services.

37. The statements deceived and had the capacity to deceive a substantial segment of potential consumers.

38. The deception was material because it is likely to influence consumer's purchasing decisions.

39. The statements were made in interstate commerce.

40. The statements have injured Lavco and unjustly enriched Biztracker.

41. On information and belief, Biztracker acted with full knowledge of Lavco's rights in EPSILONT and with the intent to cause confusion and trade on Lavco's goodwill.

42. Biztracker's false designation of origin and false advertising will continue to cause confusion and irreparable harm unless enjoined.

## THIRD CLAIM

### Common Law Unfair Competition and Trademark Infringement

43. Lavco incorporates by reference the general allegations set forth above.

44. Biztracker's unauthorized use of the EPSILONT trademark and false advertising has caused confusion, mistake, and deception as to the source, sponsorship, and approval by Lavco of Biztracker's products.

45. Biztracker's activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California.

46. Biztracker's unfair competition and infringement have injured Lavco and unjustly enriched Biztracker.

47. On information and belief, Biztracker acted with full knowledge of Lavco's rights in EPSILONT and with the intent to cause confusion and trade on Lavco's goodwill.

48. Biztracker's unfair competition and infringement will continue to cause confusion and irreparable harm unless enjoined.

# FOURTH CLAIM

## Violation of the Unfair Competition Law

49. Lavco realleges and incorporates by reference the allegations as set forth above.

50. Biztracker's unauthorized use of the EPSILONT trademark wrongly and falsely designated, described, and represented its POS products, and was likely to cause confusion, mistake, and deception as to the affiliation, connection, and association of the POS products, and as to the sponsorship and approval of the products by Lavco.

51. Biztracker's actions as detailed above violate Lavco's rights in its distinctive EPSILONT trademark and constitute unlawful, unfair, and fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200 et seq.

52. Biztracker's unfair competition will continue to cause confusion and irreparable harm unless enjoined.

# PRAYER

WHEREFORE, Lavco prays for:

1. Monetary damages in an amount to be proven at trial;
2. Attorneys' fees and costs under 15 U.S.C. § 1117;
2. An injunction; and
3. Such other relief as this Court deems just and proper.

# JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lavco demands trial by jury on all issues raised by this Complaint.

DATED: June 12, 2020                THE INTERNET LAW GROUP

/s/ *David Newman*
David Newman
Attorneys for Plaintiff
LAVCO SOLUTIONS, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Los Angeles, California. My business address is THE INTERNET LAW GROUP, 9107 Wilshire Boulevard, Suite 450, Beverly Hills, CA 90210.

On the date below, I electronically served a copy of the foregoing document entitled **FIRST AMENDED COMPLAINT** on the interested parties in this case via the Court's CM/ECF System:

**Counsel for Biztracker Systems of St. John's LLC:**

Louis F. Teran
lteran@slclg.com
SLC Law Group
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Phone: (818) 484-3217 x200
Fax: (866) 665-8877

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I am a member of the Bar of this Court. This declaration is executed in Los Angeles, California on June 12, 2020.

/s/ *David Newman*
David Newman