Louis F. Teran (SBN 249494)
lteran@slclg.com
SLC LAW GROUP
1055 E. Colorado Blvd., Suite #500
Pasadena, CA 91106
Telephone:  (818) 484-3217 x200
Facsimile:  (866) 665-8877

Attorneys for BIZTRACKER SYSTEMS
OF ST. JOHN, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LAVCO SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BIZTRACKER SYSTEMS OF ST. JOHN, LLC, and DOES 1-10 <br><br> Defendants. | Case No.: 2:20-cv-03286-VAP-PLA <br> Hon. Judge Virginia A. Phillips <br><br><br> **DEFENDANT'S ANSWER AND COUNTERCLAIMS** <br><br><br><br><br> Complaint Filed:  April 9, 2020 <br><br> Trial:  TBD |

Defendant Biztracker Systems of St. John, LLC ("Defendant") hereby submits this Answer to the Amended Complaint filed by Plaintiff Lavco Solutions, Inc. ("Plaintiff").

## SUMMARY OF THE ACTION

1.    With respect to the allegations of paragraph 1 of the Amended Complaint, Defendant denies all allegations.

## THE PARTIES

2.    With respect to the allegations of paragraph 2 of the Amended Complaint, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations thereof and therefore denies the same.

3.    With respect to the allegations of paragraph 3 of the Amended Complaint, Defendant admits all allegations.

4.    With respect to the allegations of paragraph 4 of the Amended Complaint, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations thereof and therefore denies the same.

5.    With respect to the allegations of paragraph 5 of the Amended Complaint, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations thereof and therefore denies the same.

## JURISDICTION

6.    With respect to the allegations of paragraph 6 of the Amended Complaint, Defendant admits all allegations.

7.    With respect to the allegations of paragraph 7 of the Amended Complaint, Defendant admits all allegations.

## FACTUAL BACKGROUND

8.    With respect to the allegations of paragraph 8 of the Amended Complaint, Defendant denies all allegations.

9.    With respect to the allegations of paragraph 9 of the Amended Complaint, Defendant denies all allegations.

10.    With respect to the allegations of paragraph 10 of the Amended Complaint, Defendant denies all allegations.

11.     With respect to the allegations of paragraph 11 of the Amended Complaint, Defendant denies all allegations.

12.     With respect to the allegations of paragraph 12 of the Amended Complaint, Defendant denies all allegations.

13.     With respect to the allegations of paragraph 13 of the Amended Complaint, Defendant denies all allegations.

14.     With respect to the allegations of paragraph 14 of the Amended Complaint, Defendant denies all allegations.

15.     With respect to the allegations of paragraph 15 of the Amended Complaint, Defendant denies all allegations.

16.     With respect to the allegations of paragraph 16 of the Amended Complaint, Defendant denies all allegations.

17.     With respect to the allegations of paragraph 17 of the Amended Complaint, Defendant denies all allegations.

18.     With respect to the allegations of paragraph 18 of the Amended Complaint, Defendant denies all allegations.

19.     With respect to the allegations of paragraph 19 of the Amended Complaint, Defendant denies all allegations.

20.     With respect to the allegations of paragraph 20 of the Amended Complaint, Defendant denies all allegations.

21.     With respect to the allegations of paragraph 21 of the Amended Complaint, Defendant denies all allegations.

22.     With respect to the allegations of paragraph 22 of the Amended Complaint, Defendant denies all allegations.

23.     With respect to the allegations of paragraph 23 of the Amended Complaint, Defendant denies all allegations.

24.     With respect to the allegations of paragraph 24 of the Amended Complaint, Defendant denies all allegations.

25.     With respect to the allegations of paragraph 25 of the Amended Complaint,

1    Defendant denies all allegations.

2         26.    With respect to the allegations of paragraph 26 of the Amended Complaint,

3    Defendant denies all allegations.

4    **<u>FIRST CLAIM</u>**

5    **<u>Trademark Infringement</u>**

6         27.    With respect to the allegations of paragraph 27 of the Amended Complaint,

7    Defendant denies all allegations.

8         28.    With respect to the allegations of paragraph 28 of the Amended Complaint,

9    Defendant denies all allegations.

10        29.    With respect to the allegations of paragraph 29 of the Amended Complaint,

11   Defendant denies all allegations.

12        30.    With respect to the allegations of paragraph 30 of the Amended Complaint,

13   Defendant denies all allegations.

14        31.    With respect to the allegations of paragraph 31 of the Amended Complaint,

15   Defendant denies all allegations.

16        32.    With respect to the allegations of paragraph 32 of the Amended Complaint,

17   Defendant denies all allegations.

18        33.    With respect to the allegations of paragraph 33 of the Amended Complaint,

19   Defendant denies all allegations.

20   **<u>SECOND CLAIM</u>**

21   **<u>False Designation of Origin and False Advertising</u>**

22        34.    With respect to the allegations of paragraph 34 of the Amended Complaint,

23   Defendant denies all allegations.

24        35.    With respect to the allegations of paragraph 35 of the Amended Complaint,

25   Defendant denies all allegations.

26        36.    With respect to the allegations of paragraph 36 of the Amended Complaint,

27   Defendant denies all allegations.

28        37.    With respect to the allegations of paragraph 37 of the Amended Complaint,

Defendant denies all allegations.

38.     With respect to the allegations of paragraph 38 of the Amended Complaint, Defendant denies all allegations.

39.     With respect to the allegations of paragraph 39 of the Amended Complaint, Defendant denies all allegations.

40.     With respect to the allegations of paragraph 40 of the Amended Complaint, Defendant denies all allegations.

41.     With respect to the allegations of paragraph 41 of the Amended Complaint, Defendant denies all allegations.

42.     With respect to the allegations of paragraph 42 of the Amended Complaint, Defendant denies all allegations.

## THIRD CLAIM

### Common Law Unfair Competition and Trademark Infringement

43.     With respect to the allegations of paragraph 43 of the Amended Complaint, Defendant denies all allegations.

44.     With respect to the allegations of paragraph 44 of the Amended Complaint, Defendant denies all allegations.

45.     With respect to the allegations of paragraph 45 of the Amended Complaint, Defendant denies all allegations.

46.     With respect to the allegations of paragraph 46 of the Amended Complaint, Defendant denies all allegations.

47.     With respect to the allegations of paragraph 47 of the Amended Complaint, Defendant denies all allegations.

48.     With respect to the allegations of paragraph 48 of the Amended Complaint, Defendant denies all allegations.

## FOURTH CLAIM

### Violation of the Unfair Competition Law

49.     With respect to the allegations of paragraph 49 of the Amended Complaint, Defendant denies all allegations.

50.     With respect to the allegations of paragraph 50 of the Amended Complaint,

5

1   Defendant denies all allegations.

2       51.     With respect to the allegations of paragraph 51 of the Amended Complaint,

3   Defendant denies all allegations.

4       52.     With respect to the allegations of paragraph 52 of the Amended Complaint,

5   Defendant denies all allegations.

6                                   **PRAYER FOR RELIEF**

7       Defendant denies that Plaintiff is entitled to any of the listed or other relief.

8

9                                  **AFFIRMATIVE DEFENSES**

10      Defendant asserts the following affirmative defenses, without assuming the burden

11  of proof on any such defenses that would otherwise rest with Plaintiff.  Defendant

12  expressly reserves the right to supplement, amend or withdraw any and or all of the

13  following defenses, as warranted by discovery or other investigation, or for any other

14  reason.

15                               **FIRST AFFIRMATIVE DEFENSE**

16                                  **(Failure to State a Claim)**

17      1.      Plaintiff's Amended Complaint fails to state a claim upon which relief can

18  be granted.

19                              **SECOND AFFIRMATIVE DEFENSE**

20                                        **(Laches)**

21      2.      Plaintiff's Amended Complaint is barred by the doctrine of laches.

22                               **THIRD AFFIRMATIVE DEFENSE**

23                             **(Trademark Noninfringement)**

24      3.      Defendant's actions have not created, and will not create, any likelihood of

25  confusion in the marketplace.

26                              **FOURTH AFFIRMATIVE DEFENSE**

27                                 **(Trademark Invalidity)**

28      4.      Plaintiff's alleged mark is invalid and not entitled to registration or

protection under the Lanham Act.

6

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Plaintiff's claims are barred by estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Plaintiff's claims are barred by waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.      Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHT AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8.      If Plaintiff suffered damages, which Defendant expressly denies, Plaintiff is not entitled to recover any as it could have, but failed to, properly and adequately mitigate incurring such damages.

## NINTH AFFIRMATIVE DEFENSE

### (No Constructive Notice of Trademark)

9.      Plaintiff failed to indicate that its marks possessed a registration or any protection.

## TENTH AFFIRMATIVE DEFENSE

### (Innocent Infringment)

10.      Any alleged infringement by Defendant was not willful, but innocent.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's fraud on the Patent and Trademark Office.  On information and belief, in connection with the federal registrations alleged by Plaintiff, Plaintiff made false material representations to the PTO intended to induce the PTO to take action in reliance on such false material representations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNTERCLAIMS

1.      Counter-Claimant Biztracker Systems of St. John, LLC ("Biztracker")
complains and alleges the following counterclaims against Counter-Defendant Lavco
Solutions, Inc. ("Lavco").

## THE PARTIES

2.      Biztracker is a limiter liability company organized and existing pursuant the
laws of the state of Florida with a principal place of business in the state of Florida.

3.      Upon information and belief, Lavco is a California corporation with a
principal place of business in the County of Los Angeles.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C.
§§1331, 1367, 2201, and 2202.

5.      Venue is proper in the Court pursuant to 28 U.S.C. §1391 and by virtue of
Counterdefendant bringing this action in this Court.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringment)

6.      Biztracker repeats and realleges the allegations of the foregoing paragraphs
of the Counter-Complaint as if fully set forth herein.

7.      Lavco has alleged in its Amended Complaint that Biztracker infringes
Lavco's rights to the "EPSILONT" mark.   On information and belief, Lavco's allegations
that Biztracker infringes Lavco's rights in the "EPSILONT" mark are without merit.  As a
result of Lavco's allegations in the Amended Complaint, a justiciable controversy has
arisen regarding Biztracker's alleged infringement of Lavco's federal, state, and common
law rights in the "EPSILONT" mark.

8.      Biztracker is entitled to a declaratory judgment that it does not and has not
infringed Lavco's rights in the "EPSILONT" mark.

## SECOND COUNTERCLAIM
### (Declaration of Trademark Invalidity)

8

9.     Biztracker repeats and realleges the allegations of the foregoing paragraphs of the Counter-Complaint as if fully set forth herein.

10.     Upon information and belief, Lavco's purported rights to the "EPSILONT" mark are invalid because Lavco does not and has not used the mark in any manner that would have established any trademark rights on Lavco.

11.     Even more, upon information and belief, Lavco's purported rights to the "EPSILONT" mark are invalid because Lavco uses the mark to deceive the public into believing that the products on which Lavco uses the mark originates from Lavco when, in fact, they do not.

12.     Lavco alleged that Biztracker infringed Lavco's trademark rights to the "EPSILONT" mark creating a substantial and continuing justiciable controversy between the Parties as to the validity of the aforementioned mark.

13.     Boztracker is entitled to a declaratory judgment that Lavco does not have any rights to the "EPSILONT" mark.

## THIRD COUNTERCLAIM

### (Fraud in the Procurement of Trademark Registration No. 5,185,607)

14.     Biztracker repeats and realleges the allegations of the foregoing paragraphs of the Counter-Complaint as if fully set forth herein.

15.     Lavco has alleged in its Amended Complaint to own U.S. Trademark Registration No. 5,185,607 ("The Registration") for the mark "EPSILONT".

16.     Upon information and belief, in the Registration, Lavco falsely represented that Lavco Solutions, Inc. was using in commerce the "EPSILONT" mark in connection with all the goods and services identified in the Registration.

17.     On information and belief, in reliance on Lavco's false representations in the Registration, the PTO granted the Registration for all of the goods and services identified in the Registration.

18.     As a result of Lavco's false representations made in the Registration, the Registration is subject to cancellation in whole or in part.

19.     Biztracker is entitled to a declaratory judgment cancelling the Registration

1    in whole or in part.

2                                     **<u>PRAYER</u>**

3          WHEREFORE, having fully answered Plaintiff's/Counter-Defendant's Amended

4    Complaint, and alleged the Counterclaims, Counter-Claimant/Defendant pray for relief as

5    follows:

6          1.       That the Court deny any judgment for Lavco;

7          2.       That Lavco recover nothing, and its Amended Complaint be dismissed with

8    prejudice;

9          3.       That Lavco's trademark is invalid;

10         4.       That the Court award Biztracker's attorney's fees and costs of this action;

11    and

12         5.       For such other relief as the Court deems proper.

13

14

15

16

17    DATED:  September 14, 2020

18

19                                By:_____

20                                  Louis F. Teran

21                                  Attorney for Biztracker Systems

22                                  Of St. John, LLC

23

24

25

26

27

28

# **DEMAND FOR JURY TRIAL**

Biztracker hereby demands a jury trial of all issues which are triable to a jury.

DATED:  September 14, 2020

By:_____

Louis F. Teran

Attorney for Biztracker Systems Of St. John, LLC

11